IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MICHAEL WAYNE HARKNESS,           § | |
| Petitioner,           § | |
| § | |
| v.           § | Civil Action No. 4:06-CV-215-Y |
| § | |
| NATHANIEL QUARTERMAN, Director,[1]    § | |
| Texas Department of Criminal Justice,     § | |
| Correctional Institutions Division,          § | |
| Respondent.           § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Michael Wayne Harkness, #1235550, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in a pre-parole transfer facility in Mineral Wells, Texas.

---

[1] Effective June 1, 2006, Douglas Dretke was replaced by Nathaniel Quarterman as Director of the Texas Department of Justice, Correctional Institutions Division. Accordingly, Nathaniel Quarterman should be automatically substituted as Respondent. *See* FED. R. CIV. P. 25(d)(1). The clerk of Court is directed to docket and change the designation of the Respondent.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C. FACTUAL AND PROCEDURAL HISTORY

On April 29, 2004, Harkness pled guilty to felony driving while intoxicated in cause number 2041245 in the 331st Judicial District Court of Travis County, Texas, and was sentenced to four years' confinement. (Resp't Answer, Exhibit A 1-3.) Harkness did not appeal his conviction or sentence. (Petition at 3.) Although eligible for mandatory supervision release, TDCJ determined that House Bill 1433 (HB 1433),[2] codified as § 508.149(b) of the Texas Government Code,[3] providing for discretionary mandatory supervision release for prisoners whose offenses occurred on or after September 1, 1996, applies to Harkness. (Resp't Answer, Exhibits C-E.) On November 2, 2005, the Texas Board of Pardons and Paroles (the Board) denied Harkness release to mandatory supervision under § 508.149(b).[4] (*Id.*) Harkness's next review date was set for October 2006. (*Id.*,

---

[2] HB 1433, which was passed in 1995 and became effective September 1, 1996, is the legislation that created discretionary mandatory supervision. The bill was originally codified as article 42.18, § 8(c)(1) of the Texas Code of Criminal Procedure. As noted, it is now codified as § 508.149 of the Texas Government Code and is referenced in these findings and conclusions as § 508.149(b). TEX. GOV'T CODE ANN. § 508.149(b) (Vernon 2004).

[3] Section 508.149(b) provides:

    (b) An inmate may not be released to mandatory supervision if a parole panel determines that:
        (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and

        (2) the inmate's release would endanger the public.

TEX. GOV'T CODE ANN. § 508.149(b).

[4] The Board cited the following reasons for its denial: (1) the record indicates that the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for
(continued...)

Exhibit D.) Harkness filed this federal petition for writ of habeas corpus on March 27, 2006.[5]

## D. ISSUES

Harkness argues that § 508.149(b) is inapplicable to his case and that the Board's denial of his release to mandatory supervision pursuant to § 508.149(b) violates his constitutional due process rights. (Pet'r Memorandum at 1-13.)

## E. RULE 5 STATEMENT

Quarterman asserts that Harkness has not sufficiently exhausted his state remedies as to the claims presented because he has not pursued time credit dispute resolution with prison authorities or filed a petition for discretionary review in the Texas Court of Criminal Appeals. (Resp't Answer at 3-7.) 28 U.S.C. § 2254(b), (c). Nevertheless, Quarterman acknowledges that this court may deny Harkness's claims on the merits notwithstanding his failure to exhaust because, even if exhausted in state court, his claims would be rejected by this court. (*Id.* at 7.) *Id.* § 2254(b)(2). Thus, Harkness's claims are considered on the merits.

## F. STATUTE OF LIMITATIONS

Quarterman asserts that Harkness's petition is barred by the federal one-year statute of

---

[4](...continued)
rehabilitation; (2) the record indicates that the inmate's release would endanger the public; (3) the record indicates that the inmate has repeatedly committed criminal episodes or has a pattern of similar offenses that indicates a predisposition to commit criminal acts when released; and (4) the record indicates excessive drug or alcohol involvement which included possession, use or delivery in the instant offense or criminal history. (Resp't Answer, Exhibit D.)

[5]Typically, a pro se habeas petition is considered filed when the petition is delivered to the prison authorities for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Harkness did not, however, indicate on the petition the date he placed the document in the prison's mailing system. (Petition at 9.)

3

limitations. (Resp't Answer at 7-10.) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Specifically, § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The statutory provision set forth in subsection (D) governs when the limitations period in this case began to run–i.e., the date on which Harkness could have discovered, through the exercise of due diligence, the factual predicate of his claims. Quarterman argues that because § 508.149 became effective on September 1, 1996, before Harkness's conviction, he could have discovered the factual predicate of his claims on April 29, 2004, the date he was sentenced. (*Id.* at 7.) However, this court

4

has previously held that the factual predicate of a claim involving the denial of mandatory supervision release is discoverable on the date a petitioner's release is denied. *See, e.g., Ramirez v. Quarterman*, No. 4:06-CV-506-Y, slip copy, 2006 WL 3445221, at *2 (N.D. Tex. Nov. 27, 2006) (not designated for publication); *Primeaux v. Quarterman*, No. 4:06-CV-431-Y, slip copy, 2006 WL 2707433, at *2 (N.D. Tex. Sept. 21, 2006) (not designated for publication); *Sulffridge v. Quarterman*, No. 4:06-CV-212-A, slip copy, 2006 WL 2390256, at *3 (N.D. Tex. Aug. 18, 2006) (not designated for publication). Thus, in this case, the one-year statute of limitations began to run on November 2, 2005, the date Harkness was denied release to mandatory supervision, and expired one year later on November 2, 2006. Accordingly, his petition, filed on March 27, 2006, is timely.

## G. Discussion

Harkness claims that TDCJ violated his constitutional due process rights by applying § 508.149(b), the discretionary mandatory supervision statute, to his case because the two DWI offenses used to enhance his sentence for his holding conviction under § 49.04 of the Texas Penal Code were committed before the effective date of the statute. (Pet'r Memorandum at 11-12.) TEX. PENAL CODE ANN. § 49.09 (Vernon 2003). Harkness argues that the prior convictions were necessary elements of his 2004 DWI offense; thus, under the statute's savings clause, discretionary mandatory supervision is inapplicable to his case. This claim does not raise a federal constitutional issue. *See Evans v. Dretke*, No. 4:02-CV-280, slip op., 2005 WL 2387572, at * 21-22 (E.D. Tex. Sept. 27, 2005) (not designated for publication). The issue of whether or not a defendant's prior convictions for DWI for enhancement purposes under Texas Penal Code 49.04 are regarded as elements of an offense under § 508.149(b) is solely a question of state law. *See Weeks v. Scott*, 55 F.3d 1059, 1063$^h$ Cir. 1995); *Evans*, No. 4:02-CV-280, slip op., 2005 WL 2387572 at *21-22.

5

Further, a habeas corpus applicant under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to relief. *See Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998). A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Although the Fifth Circuit has held that the Texas mandatory supervision scheme in place prior to September 1, 1996, created a due process liberty interest in mandatory supervision release to eligible inmates, it has yet to rule on whether such an interest exists under the revised statute. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)).

The Texas Court of Criminal Appeals has held the statute vests a liberty interest in an eligible inmate to certain procedural due process considerations. *See Ex parte Geiken*, 28 S.W.3d 553, 558-60 (Tex. Crim. App. 2000). In light of the liberty interest created by the statute, the state court determined that constitutional due process requires that an eligible inmate be provided timely notice that he will be considered for mandatory supervision release and a meaningful opportunity to be heard–i.e., an opportunity to tender or have tendered to the Board information in support of release. *Id.* at 559-60. Additionally, if release is denied, the inmate must be informed in what respects he falls short of qualifying for early release. *Id.* at 560. Also, the state court determined that the notice requirement requires the Board to inform the inmate of the specific month and year he will be reviewed. *Ex parte Ratzlaff*, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004).

On August 1, 2005, Harkness was notified that the Board would initially review his file for discretionary mandatory supervision release thirty days before his projected release date of November 29, 2005. (Resp't Answer, Exhibit C.) He was informed that if he wished to submit any

6

additional information, he should do so in writing before October 15, 2005, to the Parole Division. (*Id.*) Thereafter, on November 2, 2005, the Board decided to deny Harkness discretionary mandatory supervision release and notified him of its decision, the reasons for its decision, and that his case would be reviewed again in October 2006. (*Id.*, Exhibit D.) Accordingly, as a matter of state law, Harkness was afforded all the due process he was entitled.

Harkness claims that the Board designated a presumptive parole date for him when he was transferred to the pre-parole facility and that the Board should have ordered his release on parole. (Pet'r Memorandum at 8-9.) There is no factual basis in the record for these claims. The record does not reflect that the Board established a presumptive parole date for Harkness at the time of his transfer to the pre-parole facility. *See* TEX. GOV'T CODE ANN. § 499.001(4) (Vernon 2004). Instead, it appears that Harkness was transferred to the pre-parole facility within one year of his mandatory supervision release date. *See id.* § 499.02. Harkness provides no evidence that TDCJ or the Board considered his mandatory supervision release date as a presumptive parole date or that he was ever transferred from pre-parole status to parole status. *Id.* §§ 499.002, 499.005. Harkness's mere assertions, unsupported by anything contained in the record, have no probative evidentiary value in this proceeding. *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

Harkness further claims that the Board has shown no evidence that his accrued good conduct time is not an accurate reflection of his potential for rehabilitation or that his release would endanger the public, given that he has satisfactorily served his sentence, he is a low-risk offender, and his status is not an endangerment to the public. (Pet'r Memorandum ta 10-13.) Harkness has not demonstrated that the Board's decision was contrary to clearly established federal law or otherwise unreasonable in light of his four previous convictions for driving while intoxicated. (Resp't Answer,

7

Exhibit B.)

## II. RECOMMENDATION

Harkness's petition should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file, not merely place in the mail, specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 5, 2007. Failure to file specific written objections within the specified time shall bar a de novo determination by the district court of any finding of fact or conclusion of law and shall bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until March 5, 2007, to serve and file, not merely place in the mail, written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within

seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 12, 2007.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE